**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 MAR  7  AM 10 04

STEPHAN HARRIS, CLERK
CHEYENNE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff, Appellee,<br><br>v.<br><br>JEFFREY VAN EE<br><br>Defendant, Appellant. | Case No. 2:11-MJ-195-ABJ-1 |

## OPINION AND ORDER

### INTRODUCTION

Jeffrey van Ee appeals from his conviction for violating 36 C.F.R. § 1.5(f) within

Yellowstone National Park, which prohibits willfully remaining and photographing wildlife

within 25 yards. On appeal, van Ee makes three arguments. First, the magistrate's decision to

allow the Government to amend the citation notice on the day of trial was plain error. Second,

the Government failed to prove van Ee guilty beyond a reasonable doubt. Third, the regulation

in question, 36 C.F.R. § 1.5(f), failed to give van Ee fair notice of the regulation which prohibits

approaching or willfully remaining within twenty-five yards of wildlife. For the reasons set forth

below, van Ee's conviction is **AFFIRMED**.

### FACTS

In May 2011, Jeffrey van Ee left a park road in Yellowstone National Park and hiked up a

hill to photograph bighorn sheep at a distance. Mr. van Ee videotaped the sheep, which moved

up towards the Defendant. At the same time, Park Ranger Thomas Mazarrisi and another ranger

were en route to check a downed tree blocking a road. As they passed a picnic area, Ranger

Mazarrisi observed a number of people watching a band of bighorn sheep and believed that some

of the people were "way too close" to the sheep, likely within five yards. *See* Trial Tr., ECF

Doc. 5, 21:5–11. Ranger Mazarrisi then exited his vehicle and approached the individuals,

including van Ee. Ranger Mazarrisi motioned to van Ee and two others to come towards him;

when they did not, Mazarrisi yelled at van Ee to come to him. During his initial observation,

Ranger Mazarrisi did not notice van Ee moving away from the bighorn sheep. *See* Trial Tr.,

Doc. 5, 24:24–25, 25:1. Mr. van Ee did begin to move away from the sheep, but also moved

away from the Ranger and headed down a trail leading back to the road. Ranger Mazarrisi then

met van Ee, who told the Ranger that the bighorn sheep approached him. The Ranger believed

van Ee knew that he was too close and issued a citation to van Ee. A few days later, Ranger

Mazarrisi returned to the scene with a range finder and obtained a more accurate measurement of

the distance (nine yards) between van Ee and the bighorn sheep.

Congress has delegated regulatory authority to the National Park Service to control

visitor use of national parks in order to protect their natural resources. 36 C.F.R. § 1.5(a)

(pursuant to 16 U.S.C. §§ 1, 3, 9a). This regulation grants park superintendents the authority to

impose restrictions on otherwise permissible activities within the parks. *Id.* Violating a closure,

designation, use, or activity restriction or condition, or public use limit, is prohibited. 36 C.F.R.

§ 1.5(f). Pursuant to his or her authority under 36 C.F.R. § 1.5(a)(2), the Yellowstone National

Park Superintendent publishes an annual Compendium with various rules and regulations.

The 2010 Compendium contained a section on disturbing wildlife, which included the

following section: "Willfully remaining or approaching, photographing, filming or video

recording within 100 yards of bears or wolves, or within 25 yards of any other wildlife or nesting

2

birds, or within any distance that disturbs or displaces wildlife or nesting birds is prohibited."
*See* 2010 *Superintendent's Compendium*, § 16 (citing 36 C.F.R. § 1.5(a)(2)).[1] When 36 C.F.R. §
1.5(a) is used to restrict or control activities in a national park, proper notice of the prohibitions
must be given. *See* 36 C.F.R. § 1.7(a).

Mr. van Ee received a citation notice for violating 36 C.F.R. § 1.5(f); the notice contained
a description of the offense, stating that van Ee allegedly had "approach[ed] wildlife to within 25
yards of Bighorn Sheep," *see* Appellant's Br., Doc. 7-1. Mr. van Ee elected to proceed to trial
and contest the citation. Two days before trial, the Government filed a trial memorandum. *See*
Trial Memo., Doc. 2, at 14–18. This memorandum discussed why van Ee should be found guilty
of the violation of "willfully remaining within 25 yards of bighorn sheep." *Id.* at 18. Mr. van Ee
later indicated that he received the trial memorandum the night before trial. Letter from Def. to
Ct., Doc. 2 at 7; Trial Tr., Doc. 5, 9:12–14.

At the beginning of the trial, the Government amended the citation notice to change the
description of the offense from "approaching wildlife to within 25 yards of bighorn sheep" to
"willfully remaining and photographing wildlife within 25 yards." *See* Trial Tr., Doc. 5, 5:23–
7:2. Mr. van Ee expressed confusion at the difference between the two citation notices and
attempted to raise the issue with the Magistrate Court. Trial Tr., Doc. 5, 5:23–6:9. After
receiving a copy of the amended violation notice, van Ee told the court that he understood the
penalties that could be imposed upon conviction and his rights as indicated in the Statement of

---

[1] The text of the regulation is from the 2010 *Compendium*, the applicable regulatory document at the time
of van Ee's offense. The text of § 16 was amended and, as of the 2012 *Compendium*, reads as follows:

> "The following are prohibited: Willfully approaching, remaining, viewing, or engaging in any activity
> within 100 yards of bears or wolves, or within 25 yards of any other wildlife including nesting birds, or
> within any distance that disturbs, displaces, or otherwise interferes with the free unimpeded movement of
> wildlife, or creates or contributes to a potentially hazardous condition or situation."

*See* 2012 *Superintendent's Compendium*, § 16 (citing 36 C.F.R. § 1.5(a)(2)).

3

Rights and Waiver of Counsel, which the Government had given to him. Trial Tr., Doc. 5, 6:10–

7:8. Mr. van Ee elected to waive his right to counsel and appear on his own and did so

knowingly and voluntarily. Trial Tr., Doc. 5, 7:9–20. Before the Government presented its case,

the following exchange took place between van Ee and the court:

| | |
|---|---|
| The Court: | Do you have any questions about the new violation notice? |
| van Ee: | *The circumstances that brought about either one of the citations does not change or has not changed,* so my intent was to appear before the Court on my own to explain the circumstances. * * * Given that the citation changed, given that I received a copy of the Trial Memorandum electronically last night, I've not had a chance to go over it in detail, I've had a chance to go over it, but *I am prepared to argue that I'm innocent of willfully remaining and photographing wildlife within 25 yards.* |
| The Court: | All right. So I'm going to ask you now to enter a plea to this charge, Mr. van Ee. To the charge of willfully remaining and photographing wildlife within 25 yards, do you plead guilty or not guilty? |
| van Ee: | Not guilty, your honor. |
| The Court: | And are you ready to proceed to trial, Mr. van Ee? |
| van Ee: | *Yes, I am.* |

Trial Tr., Doc. 5, 9:1–25 (emphases added).

Mr. van Ee attempted to raise the amendment issue again during his cross-examination of

Ranger Mazarrisi. The Government indicated to the court that it had discussed the amendment to

the violation notice with van Ee on "Tuesday or Monday of this week." Trial Tr., Doc. 5, 66:5–

14. Mr. van Ee then told the court that he had a problem with the propriety of the superseding

violation notice, but the court overruled van Ee and stated that "it [was] the same violation" and

that van Ee was "getting mired down in a semantic boggle." Trial Tr., Doc. 5, 66:15–67:4.

Mr. van Ee continued his cross-examination of Ranger Mazarrisi and then took the stand

in his own defense. At the end of the proceedings, the court took the matter under advisement.

4

Ultimately, van Ee was convicted of violating 36 C.F.R. § 1.5(f). *See* Mem. of Op., Doc. 2, at 4. The court determined that the Government had proven its case beyond a reasonable doubt because van Ee had confessed that he was aware of the regulation requiring a distance of twenty-five yards from wildlife, he failed to move to the prescribed safe distance, and he could have retreated safely at any time despite his arguments to the contrary. Mem. of Op., Doc. 2, at 4. Mr. van Ee filed a timely appeal of his conviction. *See* Notice of Appeal, Doc. 3.

**DISCUSSION**

**I.      Amendment of the Violation Notice and Prejudicial Effect on Defendant**

      **A.      Arguments**

Mr. van Ee argues that the Government's amendment was an impermissible new charge for which he was wholly unprepared and thus impermissibly prejudiced. *See* Appellant's Br., Doc. 7 at 13. He relies on authority stating that, if the amendment would result in unfair surprise, inadequate notice, or an insufficient opportunity to defend, then the defendant is unacceptably prejudiced. *See* Appellant's Br., Doc. 7 at 14; *Manning v. State*, 883 S.W.2d 455, 457 (Ark. 1994) ("an information may be amended up to a point after a jury has been sworn provided that it does not change the nature of a crime or create unfair surprise"); *People v. Arbo*, 213 Ill. App. 3d 828, 832–33 (Ill. App. Ct. 1991) (amending the indictment on the second day of trial was reversible error because the amendment changed an essential element of the offense and did not give the defendant sufficient time to prepare a defense); *Lincoln v. Sunn*, 807 F.2d 805, 812–13 (9th Cir. 1987) (remanded for lower court to determine whether indictment denied defendant sufficient notice of the offense charged to permit him to adequately prepare and

present his defense).[2]  Furthermore, van Ee argues that the amendment of the violation notice

violated his Fifth and Sixth Amendment rights, and the magistrate court's proper action should

have been to adjourn and reset the proceedings to allow van Ee time to completely reevaluate his

defense and prepare for trial based on the new charge. *See* Appellant's Br., Doc. 7 at 17–18.

The Government responds that there was no error because the amendment to the violation

notice was permissible under Fed. R. Crim. P. 7(e). *See* Gov'ts Br., Doc. 8 at 10. Rule 7(e)

states that "Unless an additional or different offense is charged or a substantial right of the

defendant is prejudiced, the court may permit an information to be amended at any time before

the verdict or finding." Fed. R. Crim. P. 7(e). The Government asserts that the amendment was

one of form, not substance, and a new charge did not result from the amendment. *See* Gov'ts

Br., Doc. 8 at 11. The Government also argues that van Ee had notice of the additional charge

and was not surprised by the amendment given his willingness to continue that day and provide a

defense to the amended charge. *See* Gov'ts Br., Doc. 8 at 13, 15. Finally, the Government

contends that van Ee was not prejudiced by the amendment. *See* Gov'ts Br., Doc. 8 at 16.

## B.     Standard of Review

If a litigant believes an error has occurred to his detriment, he must object to preserve the

issue. *Puckett v. United States*, 556 U.S. 129, 134 (2009). A party may preserve his or her claim

of error by informing the court—when the court ruling or order is made or sought—of the action

the party wishes the court to take, or the party's objection to the court's action and the grounds

for that objection. Fed. R. Crim. P. 51(b). A party is excused from complying with the strict

---

[2] Mr. van Ee cites cases dealing with amending both an information and an indictment. Other circuits
addressing this issue have analogized violation notices to informations, and the rules governing informations are
"instructive" in cases proceeding by violation notice. *See, e.g.*, *United States v. Francisco*, 413 F. App'x 216, 218
(11th Cir. 2011) (unpublished); *United States v. Caruso*, No. 11-CR0269 (DLI), 2012 WL 3288654, at *6–7 (E.D.
N.Y. Aug. 8, 2012) (slip copy). But other courts have said a violation notice for a petty offense is the "functional
equivalent" of an indictment *or* information. *See United States v. Bjerke*, 796 F.2d 643, 646 (3d Cir. 1986); *United
States v. Moore*, 586 F.2d 1029, 1031 (4th Cir. 1978).

objection requirement of Rule 51 if the court is aware of the party's position and it is plain that further objection would be futile, where the litigant's position was clearly made to the court. *Ecolab, Inc. v. Level 3 Commc'n, Inc.*, 353 F.3d 1158, 1172 (10th Cir. 2003). Here, van Ee made the magistrate court clearly aware of his position regarding the amendment to the violation notice, and the record demonstrates further objection would have been futile. *See* Trial Tr., 66:15 – 67:24. Therefore, the issue is preserved for appeal. As this issue before the court is a question of law, the magistrate judge's conclusions are reviewed *de novo. See United States v. Brewer*, 263 F. App'x 718, 720 (10th Cir. 2008) (unpublished).

Both Mr. van Ee and the Government state that plain error review should apply. The Tenth Circuit requires parties to state what standard of review they think applies to the point of error. *United States v. Games-Perez*, 695 F.3d 1104, 1110 (10th Cir. 2012). Generally, a party cannot waive the mandated standard of review when a party mistakenly believes a more searching standard should apply. *Gardner v. Galetka*, 568 F.3d 862, 869–70 (10th Cir. 2009) (stating that a party cannot waive the standard of review mandated under AEDPA).

Regarding the amendment of an information or violation notice, "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." Fed. R. Crim. P. 7(e). A defendant/appellant must present an argument or evidence tending to show that his defense was in any way prejudiced by the filing of an amended information. *See Sullivan v. Bruce*, 44 F. App'x 913, 916 (10th Cir. 2002) (unpublished).

## C. Analysis

Mr. van Ee argues the amendment to the violation notice was impermissible because (1) the amendment charged a new offense, resulting in unfair surprise and an insufficient

7

opportunity to defend; and (2) the amendment to the violation notice prejudiced van Ee's substantive rights. Both of van Ee's arguments should fail, as the amendment to the violation notice was permissible and did not prejudice van Ee's substantive rights. Procedurally, the amendment to the violation notice was acceptable because the Government amended the notice before the court reached a verdict or finding. *See* Fed. R. Crim. P. 7(e).

The amendment to the violation notice did not result in unfair surprise, inadequate notice, or an insufficient opportunity to defend. Although van Ee may have been surprised, he was not *unfairly* surprised. After expressing some confusion, van Ee indicated his preparedness to defend against the amended charge and proceed to trial. *See* Trial Tr., Doc. 5, 9:1–25. If a defendant is surprised by an amendment, he may move for time to prepare for the amendment. *See U.S.A.C. Transport v. United States*, 203 F.2d 878, 880 (10th Cir. 1953). Here, van Ee did not move for additional time to prepare. This undermines his assertion that the amendment resulted in unfair surprise or prejudice. *See id.* at 880.

Furthermore, the amendment did not charge a new offense. When (1) a charge arises out of the same operative facts and involves the same witnesses as the "original" charge, and (2) where a defendant informed the judge at the start of the trial that the defendant is prepared to defend against the amended charges, the defendant is not prejudiced by the amendment. *See United States v. Caruso*, No. 11-CR0269 (DLI), 2012 WL 3288654, at *6–7 (E.D. N.Y. Aug. 8, 2012). In *Caruso*, the defendant was convicted of conducting an unauthorized business operation in a federal park. *Id.* at *1. The Government amended the violation notice four times, including right before trial, where the defendant was convicted. *Id.* at *2. The district court upheld the conviction because the facts proven would meet the elements of both the original charge and amended charge. *Id.* at *6.

8

Here, the amended charge arose out of the same operative facts and involved the same witnesses as the original charge. The violation code, 36 C.F.R. 1.5(f), and the relevant *Compendium* section, § 16, remained the same. The facts relevant to both the original and amended violation notices remained the same. There is no indication that van Ee would have offered any additional witnesses based on the amended charge. Furthermore, van Ee told the judge he was prepared to proceed to trial on the amended charge. *See* Trial Tr., Doc. 5, 9:1–25. Additionally, the Defendant received notice of the amendment to the violation notice before the trial when he received a copy of the Government's Trial Memorandum. *See* Trial Memo., Doc. 2, 14–18; Trial Tr., Doc. 5, 9:12–17.

Finally, van Ee's substantive rights and ability to present a defense were not prejudiced. Mr. van Ee provides scant authority in support of his proposition that his Fifth and Sixth Amendment rights were violated. The case law he cites in his argument stands for the proposition that a criminal defendant's right to present evidence in his own defense is rooted in Fifth and Sixth Amendment guarantees. *See Aviles v. Archuletta*, No. 06-cv-01329-CMA-BNB, 2008 U.S. Dist. LEXIS 112175, at *11 (D. Colo. Nov. 19, 2008) ("A criminal defendant's right to present evidence in his own defense is rooted in the Sixth Amendment's compulsory process clause and the Fifth and Fourteenth Amendments' guarantee of due process").

Here, van Ee's right to present evidence was not prejudiced. Mr. van Ee indicated to the magistrate court that, despite the amendment and any surprise accompanying it, he was prepared to proceed to trial and argue "that [he was] innocent of willfully remaining and photographing wildlife within 25 yards." *See* Trial Tr., Doc. 5, 9:12–17. During the trial, van Ee presented evidence for his defense and seemed fairly well prepared to do so, as he brought exhibits and a video in support of his defense. At no point did van Ee indicate he was inadequately prepared or

9

unable to present evidence in his own defense. Ultimately, there is insufficient support in the record to demonstrate that van Ee's substantive rights were prejudiced as a result of the amendment to the violation notice.

## II.     The Government Proving the Defendant's Guilt Beyond a Reasonable Doubt

### A.     Arguments

Mr. van Ee was convicted of willfully remaining within 25 yards of the sheep. Mr. van Ee argues that the Government had to prove the element of "willful" and did not do so beyond a reasonable doubt. *See* Appellant's Br., Doc. 7 at 19. Mr. van Ee asserts he provided evidence demonstrating he only "remained" within twenty-five yards of the wildlife for a few seconds. *See id.* Ultimately, van Ee contends that there was no meaningful evidence whatsoever of true willful misconduct. *See* Appellant's Br., Doc. 7 at 20.

The Government responds that the evidence did establish "willfully remaining" beyond a reasonable doubt. *See* Govt's Br., Doc. 8 at 18. Mr. van Ee admitted that he did not want to take any sudden actions; he did not want to violate "photographer's etiquette;" and he did not want to turn his back to the animals. *See id.* Because van Ee made these admissions, the Government contends that there was sufficient evidence to support a conviction on the charge.

### B.     Standard of Review

Challenges to the sufficiency of the evidence are reviewed *de novo*. *United States v. Bagby*, 696 F.3d 1074, 1080 (10th Cir. 2012). The standard is whether a reasonable jury could find a defendant guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the Government and drawing reasonable inferences therefrom. *Id.* While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion

of guilt, it need not conclusively exclude every other reasonable hypothesis or negate all possibilities except guilt. *United States v. Ahrensfield*, 698 F.3d 1310, 1324 (10th Cir. 2012).

### C.   Analysis

There was sufficient evidence for the Magistrate Court to find van Ee guilty of willfully remaining and photographing wildlife within twenty-five yards. The Government's evidence demonstrated a sequence of events showing that van Ee willfully remained and photographed the bighorn sheep within 25 yards of them.

Mr. van Ee admitted he was aware of the park regulation that visitors must stay 25 yards from wildlife, including bighorn sheep. *See* Trial Tr., Doc. 5, 82:4–6. Mr. van Ee admitted that he was "too close to wildlife" and that the situation was dangerous. *See* Trial Tr., Doc. 5, 71:21–23, 91:4–11. When van Ee realized he was too close, he carefully considered his options, including retreating up the hill or going further down. *See* Trial Tr., Doc. 5, 91:15–22, 92:5–9. Mr. van Ee consciously decided not to move away and remain in his position—within 25 yards of the bighorn sheep. *See* Trial Tr., Doc. 5, 92:10–19. While van Ee was weighing his options, his statements under oath make clear that he was concerned primarily with getting a good photograph or video of the bighorn sheep. *See* Trial Tr., Doc. 5, 72:18–75:22. After van Ee decided not to retreat, he knelt down within 25 yards of the bighorn sheep and began filming them. *See* Trial Tr., Doc. 5, 95:1–21. Even when Ranger Mazarrisi approached and motioned to van Ee to come to him, van Ee still remained in his location until the Ranger yelled at van Ee to come to him. Trial Tr., Doc. 5, 24:14–25:11.

Mr. van Ee admitted that he knew he was too close to the bighorn sheep, he considered various options to retreat but decided to remain in his position, and he began filming the bighorn sheep. Between the Government's evidence and van Ee's admissions, the evidence was

11

sufficient to prove beyond a reasonable doubt that the Defendant willfully remained within twenty-five yards of wildlife, thus violating 36 C.F.R. § 1.5(f).

## III.   Fair Notice of the Illegality of the Defendant's Act (Vagueness of the Regulation)

### A.   Arguments

Mr. van Ee argues that the Rule of Lenity requires a court to resolve ambiguity in a criminal statute and apply it only to conduct clearly covered. *See* Appellant's Br., Doc. 7 at 20. He asserts that construing the regulation to criminalize the act of not immediately moving away from the wildlife is improper compared to interpreting the regulation as prohibiting individuals from "setting up shop" where he knows wildlife would approach him and then willfully remain once wildlife approached. *Id.* Mr. van Ee argues that the lack of notice was plainly erroneous because he was not fairly warned that his conduct could be unlawful. *See* Appellant's Br., Doc. 7 at 21.

The Government contends that proper public notice was given through publication in a park map and brochure, which are given to visitors upon entering the park. *See* Gov'ts Br., Doc. 8 at 20–21. The Government argues that even if 36 C.F.R. § 1.5(f) was particularly vague, the Defendant could have sought a bill of particulars under Fed. R. Crim. P. 7(d) to clarify the specific factual theory upon which the Government would proceed. *See* Gov'ts Br., Doc. 8 at 21. Ultimately, the Government argues that any ambiguity was cured at arraignment when the Defendant was informed fully and formally of the charge against him. *Id.*

### B.   Standard of Review

This court construes this issue as whether the regulation in question, 2010 *Superintendent's Compendium*, § 16 (citing 36 C.F.R. §§ 1.5(a)(2), (f)), was impermissibly vague. The vagueness doctrine requires a penal statute to define the criminal offense with

12

sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *United States v. Gaudreau*, 860 F.2d 357, 359 (10th Cir. 1988). A statute can be impermissibly vague in two ways. First, a statute or regulation is impermissibly vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. *Hill v. Colorado*, 530 U.S. 703, 732 (2000). Second, a statute or regulation is impermissibly vague if it authorizes or even encourages arbitrary and discriminatory enforcement. *Id.*

A statute or regulation may be challenged facially or as applied. *Gaudreau*, 860 F.2d at 360. Facial challenges are proper when a statute or regulation threatens to chill constitutionally protected conduct, or in certain instances before the statute or regulation is enforced. *Id.* Here, the regulation for which van Ee was convicted does not threaten to chill constitutionally protected conduct. Therefore, the statute is examined as applied for vagueness in light of van Ee's conduct.

## C.    Analysis

Mr. van Ee's vagueness challenge is evaluated in light of the conduct with which he was charged: willfully remaining within 25 yards of bighorn sheep. For a criminal statute or regulation to provide fair notice, the prohibitions must be set out in terms that the ordinary person exercising common sense can sufficiently understand and comply with the prohibitions. *Ward v. Utah*, 398 F.3d 1239, 1251 (10th Cir. 2005). The regulation van Ee was charged with violating stated that "willfully remaining or approaching, photographing, filming or video recording within 100 yards of bears or wolves, or within 25 yards of any other wildlife or nesting birds, or within any distance that disturbs or displaces wildlife or nesting birds is prohibited."

13

2010 *Superintendent's Compendium*, § 16. The regulation was promulgated pursuant to 36
C.F.R. § 1.5(a)(2) and enforced pursuant to 36 C.F.R. § 1.5(f).

The Supreme Court has held statutes sufficiently certain when they employ words or
phrases with a well-settled common-law meaning. *Connally v. General Constr. Co.*, 269 U.S.
385, 391 (1926). Both *remain* and *willful* have a well-settled common law meaning. The
Supreme Court has stated that *remains* "permits no connotation other than continuing presence."
*United States v. Cores*, 356 U.S. 405, 408 (1958). It is true that *willful* is "a word of many
meanings whose construction is often dependent on the context in which it appears." *Bryan v.
United States*, 524 U.S. 184, 191 (1998). However, when the term *willful* or *willfully* is used in a
criminal statute, the Court has regularly read the modifier as limiting liability to knowing
violations. *See Ratzlaf v. United States*, 510 U.S. 135, 137 (1994); *Black's Law Dictionary* 1737
(9th ed. 2009) (willful is defined as "voluntary and intentional, not necessarily malicious").
Furthermore, a scienter requirement—like the requirement for "*willfully* remaining"—mitigates
any vagueness. *See Ward v. Utah*, 398 F.3d 1239, 1252 (10th Cir. 2005) (emphasis added) ("The
presence of a scienter inquiry can save an otherwise vague statute.").

Here, this regulation provides people of ordinary intelligence a reasonable opportunity to
understand what conduct it prohibits. *See Hill*, 530 U.S. at 732. The regulation clearly states
what conduct is prohibited, as it listed specific actions prohibited in Yellowstone, including
"willfully remaining . . . within 25 yards of any other wildlife." 2010 *Superintendent's
Compendium*, § 16. Each of these words have sufficiently clear meaning for the ordinary person
exercising common sense to understand what was meant by "willfully remaining within 25 yards
of any other wildlife," and that such conduct was prohibited. Mr. van Ee admitted that he knew
the regulation about staying away from wildlife. *See* Trial Tr., Doc. 5, 81:17–82:6. As discussed

14

previously, Mr. van Ee's actions reflect a knowing course of "willfully remaining" once the bighorn sheep approached within 25 yards of his location. Because the words *willful* and *remain* have a well-settled meaning, the regulation was not impermissibly vague and provided fair notice to Mr. van Ee that his conduct was prohibited.

The regulation also is not impermissibly vague because it does not authorize or encourage arbitrary and discriminatory enforcement. *See Hill*, 530 U.S. at 732. The regulation sets clear guidelines for enforcement; willfully remaining wildlife within 25 yards is prohibited, and outside that distance is permissible. Here, the Ranger stated there was a fine line "between too close and on the edge of 25 yards." *See* Trial Tr., Doc. 5, 19:18–23. The regulation specifies a standard of conduct with sufficiently clear, objective standards to satisfy due process, and the regulation does not create the potential for abuse that allows "policemen, prosecutors, and juries to pursue their personal predilections." *See Kolender*, 461 U.S. at 358. Therefore, this regulation is not impermissibly vague as applied to van Ee.

## CONCLUSION

Mr. van Ee failed to demonstrate the amendment to the violation notice was prejudicial and violated his substantive rights. The Government's evidence was sufficient to establish van Ee's guilt by a reasonable doubt. And 36 C.F.R. § 1.5(f) is not impermissibly vague as to deny van Ee adequate notice that his actions were unlawful. Therefore, the conviction is

**AFFIRMED**.

Dated this ___ day of MARCH, 2013.

Alan B. Johnson
United States District Judge

15